**VENABLE LLP**
Daniel S. Silverman (SBN 137864)
dssilverman@venable.com
Bryan J. Weintrop (SBN 307416)
bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

**SANDBERG PHOENIX & VON GONTARD**
Mark Prost (pro hac forthcoming)
mprost@sandbergphoenix.com
701 Market Street, Suite 600
St. Louis, MO 63101
Telephone: (314) 231-3332

Attorneys for Defendant,
LPIB INC., incorrectly named as
LATRO INC., dba DOZO PERKS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

H.S., individually and on behalf of all others similarly situated,

Plaintiff,

v.

LATRO INC., doing business as DOZO PERKS,

Defendant.

Case No. 5:25-cv-00999-SSS-RAO

Hon. Sunshine Suzanne Sykes

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

**Date:** **October 10, 2025**
**Time:** **2:00 p.m.**
**Courtroom:** **2 – 2nd Floor**

**Trial Date:** **None**
**Action Filed:** **April 23, 2025**

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 10, 2025, at 2:00 p.m. in Courtroom 2 of the above-captioned court, located at 3470 Twelfth Street, Riverside, CA 92501, or as soon thereafter as counsel may be heard, Defendant LPIB INC., incorrectly named as LATRO INC. d/b/a DOZO PERKS ("Defendant") will and hereby does move to dismiss Plaintiff's claims as follows:

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(l) to dismiss Plaintiff's claims for injunctive relief because Plaintiff lacks Article III standing to assert such claims.

Defendant further moves to dismiss each of Plaintiff's claims under California's Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and his common law claims breach of implied warranty, unjust enrichment, and fraud by omission for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the papers and records on file in this action, and any other matter the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 11, 2025, during which Plaintiff's counsel and Defendant's counsel discussed the substance and potential resolution of the motion.

Dated: July 18, 2025

**VENABLE LLP**

By: */s/ Daniel S. Silverman*
Daniel S. Silverman
Bryan Weintrop

Dated: July 18, 2025

**SANDBERG PHOENIX & VON GONTARD**

By: */s/ Mark Prost*
Mark Prost

Attorneys for Defendant,
LPIB INC., incorrectly named as LATRO INC., dba DOZO PERKS

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. ALLEGATIONS AND FACTS SUBJECT TO JUDICIAL NOTICE ........ 3

A. Plaintiff Admits He Did Not Behave as a Reasonable Consumer ........ 4

B. Defendant Did Not Make the Misrepresentations Alleged by Plaintiff ........ 4

C. Kratom's Potential Addictiveness is Widely Known ........ 5

D. Each of Plaintiff's Causes of Action Fail ........ 6

III. LEGAL STANDARD ........ 7

IV. ARGUMENT ........ 7

A. Plaintiff Lacks Article III Standing to Seek Injunctive Relief ........ 7

B. Plaintiff's Consumer Protection Statute Claims Must Be Dismissed Because Plaintiff Cannot Allege Deception to a Reasonable Consumer Given the Label Warnings and Disclaimers ........ 9

C. Plaintiff's Consumer Protection Statute Claims Must Be Dismissed To the Extent The Are Based on Representations Not Made by Defendant ........ 11

D. Plaintiff's UCL, CLRA, and FAL Claims Fail Because Defendant Was Not Under a Duty to Disclose, But in Any Event Abided by Any Purported Duty ........ 12

1. Defendant Lacked Exclusive Knowledge of Potential Addictiveness ........ 12

2. Defendant Disclosed the Potential Health Harm of the Product ........ 13

E. Plaintiff's FAL Claim Fails Because It Cannot Be Based on an Omission ........ 14

F. Plaintiff's Breach of Implied Warrant Claim Fails ........ 15

1. Plaintiff Cannot Allege Breach of Implied Warranty Under Any Potential Theory ........ 15

2. Plaintiff's Breach of Implied Warranty Claim Fails to the Extent it is Made Under California Law Because There is No Privity ........ 17

G. Plaintiff's Unjust Enrichment Claim Fails ........ 18

H. Plaintiff's Fraud by Omission Claim Fails ........ 19


VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

V. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND.........20
VI. CONCLUSION ............................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 7

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ..... 18

*Augustine v. Talking Rain Bev. Co*.,
386 F. Supp. 3d 1317 (S.D. Cal. 2019) ..... 15, 19

*Bates v. United Parcel Serv., Inc.*,
511 F.3d 974 (9th Cir. 2007) ..... 7

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019) ..... 9, 10

*Bierdman v. FCA US LLC*,
2025 WL 458831 (N.D. Cal. Feb. 11, 2025) ..... 18

*Brazil v. Dole Packaged Foods, LLC*,
660 F. App'x 531 (9th Cir. 2016) ..... 11

*Brown v. Madison Reed, Inc*.,
622 F.Supp.3d 786 (N.D. Cal. 2022) ..... 14

*Burr v. Sherwin Williams Co*.,
42 Cal. 2d 682 (1954) ..... 17

*Callaghan v. BMW of N. Am., LLC*,
2014 WL 6629254 (N.D. Cal. Nov. 31, 2014) ..... 19

*In re Capacitors Antitrust Litig*.,
106 F. Supp. 3d 1051 (N.D. Cal. 2015) ..... 19

*Cavalier, et al. v. Alternative Ventures LLC*, d/b/a *Press'd*,
Case No. 2:25-cv-00137-SRM-RAO (C.D. Cal. 2025) ..... 9, 14, 15, 17

*Cetacean Cmty. V. Bush*,
386 F.3d 1169 (9th Circ. 2004) ..... 7

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Clevenger v. Welch Foods, Inc.*,
501 F. Supp. 3d 875 (C.D. Cal. 2020) .......... 9

*Cordes v. Boulder Brands USA, Inc.*,
No. CV 18-6534, 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) .......... 8, 9

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal. App. 4th 924 (2006) .......... 12

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 7, 8

*DeSoto v. Yellow Freight Sys.*,
957 F.2d 655 (9th Cir. 1992) .......... 20

*Drake v. Haier US Appliance Sols Inc.*,
No. 23-CV-00939- AMO, 2024 WL 590597 (N.D. Cal. Feb. 13, 2024) .......... 12, 13, 14, 16

*Edwards v. Walmart, Inc.*,
2019 U.S. Dist. LEXIS 230993 (C.D. Cal. April 18, 2019) .......... 17

*Gonzales v. Nat. Factors Nutritional Prod. Inc.*,
2024 WL 4609853 (C.D. Cal June 28, 2024) .......... 8

*Hauter v. Zogarts*,
14 Cal. 3d 104 (1975) .......... 16

*Hedrick v. BSH Home Appliance Corp.*,
2024 WL 2190984 (C.D. Cal. May 14, 2024) .......... 14

*Hodson v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) .......... 12

*Joslin v. Clif Bar & Co.*,
2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) .......... 9

*Klin v. Cloudera, Inc.*,
131 F.4th 1180 (9th Cir. 2024) .......... 20

*Kulp v. Munchkin, Inc.*,
678 F. Supp. 3d 1158 (C.D. Cal. 2023) .......... 14

*Kwikset Corp., v. Sup. Ct.*,
51 Cal.4th 310 (2011) .......... 11

*La Barbera v. Ole Mexican Foods Inc.*,
2023 WL 4162348 (C.D. Cal. May 18, 2023) .......... 10

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997) .......... 12

*Lujan v. Defendants of Wildlife*,
504 U.S. 555 (1992) .......... 7

*M.A., et al. v. Thang Botanicals, Inc, et al.*,
Case No. 3:24-cv-07029- TLT (N.D. Cal. 2025) .......... *passim*

*Matic v. United States Nutrition, Inc.*,
2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) .......... 9

*McCausland v. PepsiCo, Inc.*,
2024 WL 3834389 (N.D. Cal. Aug. 14, 2024) .......... 8

*McGinity v. Proctor & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) .......... 10

*Mocek v. Alfa Leisure, Inc.*,
114 Cal. App. 4th 402 (2003) .......... 16

*In re Packaged Seafood Prods. Antitrust Litig.*,
242 F. Supp. 3d 1033 (S.D. Cal. 2017) .......... 18

*Quackenbush v. Am. Honda Motor Co., Inc.*,
650 F. Supp. 3d 837 (N.D. Cal. 2023) .......... 17

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) .......... 18

*SBC Berlin 2012-2014, Ltd. V. Babywatch, Inc.*,
No. 18-cv-07611-EDL, 2019 WL 13203776 (N.D. Cal. Oct. 10, 2019) .......... 13

*Seldin v. HSN, Inc.*,
No. 17-CV-2183-AJB-MDD, 2018 WL 3570308 (S.D. Cal. July 25, 2018) .......... 11

*Shaeffer v. Califia Farms, LLC, Farms, LLC*,
44 Cal. App. 5th 1125 (2020) .......... 11

*Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*,
No. 22-CV003603-TLT, 2023 (N.D. Cal. Feb. 16, 2023) .......... 8

*In re Static Random Access Memory Antitrust Litig.*,
580 F. Supp. 2d 896 (N.D. Cal. 2008) .......... 15, 19

*In re Trader Joe's Co. Dark Chocolate Litig.*,
726 F. Supp. 3d 1150 (S.D. Cal. 2024) .......... 15

*Van Mourik v. Big Heart Pet Brands, Inc.*,
2018 WL 1116715 (N.D. Cal. March 1, 2018) .......... 18, 19

*Vitiosus v. Alani Nutrition, LLC*,
2022 WL 2441303 (S.D. Cal. July 5, 2022) .......... 8, 15, 18

*Walcoff v. Innofoods USA, Inc.*,
2023 WL 3262940 (S.D. Cal. May 4, 2023) .......... 9

*Whiteside v. Kimberly Clark Corp.*,
108 F.4th 771 (9th Cir. 2024) .......... 9, 10

*Xavier v. Philip Morris USA Inc.*,
787 F. Supp. 2d 1075 (N.D. Cal. 2011) .......... 18

**Statutes**

21 U.S.C. §§ 811(a), 812(b) .......... 6

Cal. Bus. & Prof. Code § 17500 .......... 14

Cal. Com. Code § 2314(1) .......... 16

U.C.C. § 2-314(2)(f) .......... 16

**Court Rules**

Fed. R. Civ. P. 12(b)(1) .......... 7

Fed. R. Civ. P. 12(b)(6) .......... 7

**Constitution**

U.S. Constitution, Article III .......... 2, 7, 8, 9

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's claims are fundamentally based on the false premise that Defendant LPIB INC., incorrectly named as LATRO INC. d/b/a DOZO PERKS ("Defendant"), purportedly failed to disclose that its kratom-based products, 7-Hydroxymitragynine (the "Product") are potentially addictive. Plaintiff's Complaint, however, conspicuously fails to mention numerous health warnings and disclaimers that were included on the Product label both prior to and after December 2024, which is when Plaintiff alleges he first purchased the Product. (Compl. ¶ 64). These warnings and disclaimers undermine any potential deception to a reasonable consumer regarding the risk of use of the Product, including the potential for addiction. Critically, prior to December 2024, the Product's label contained the following express warning: **"There may be health risks associated with the consumption of this product."** Additionally, the Product's label contained the following disclaimer: **"By using this product, you accept full responsibility for any adverse events or health complications that may arise from its use."** Request for Judicial Notice, Exs. A-B. Beginning in December 2024, the Product's label continued to contain the above warnings, and also contained the following express warning: **"This product may be habit forming."** Request for Judicial Notice, Exs. C-D.

Plaintiff bases his claims on the notion that he purportedly cared about the potential impact the Product could have on his health, yet he admits he completely disregarded the clear and conspicuous health warnings and disclaimers contained on the Product label. Such conduct renders implausible his claim that he, or any other reasonable consumer, was deceived by any representations or omissions on the Product label. For example, Plaintiff claims "[a]t the time of purchase, Plaintiff reviewed the Product's packaging and marketing, which gave no indication of the Product's addictive potential. Had a warning been provided, he would not have

purchased or used the Product." (Comp1. ¶ 64). Plaintiff's allegations that he purportedly cared about the potential health impacts of using the Product are belied by his admitted conduct in: (1) disregarding the express warning about the potential health risks, including that the "product may be habit forming"; (2) and disregarding the disclaimer of any adverse events or health complications that may arise from its use. Plaintiff's claims fail not only due to his failure to behave as a reasonable consumer but for myriad additional reasons, as well.

*First*, Plaintiff lacks Article III standing to pursue injunctive relief because he now knows the Product is potentially addictive. Furthermore, the information necessary to make that determination is disclosed on the Product's label such that there is no threat of future deception. Indeed, as of December 2024, the Product label has contained the warning, "**This product may be habit forming.**" Request for Judicial Notice, Exs. C-D.

*Second*, Plaintiffs consumer protection act claims under California's Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), and False Advertising Law ("FAL") fail for multiple reasons: (1) Plaintiff cannot establish deception to a reasonable consumer because, as of July 2024, when Defendant began selling the Product, the Product has contained a warning regarding the health risks associated with the consumption of the Product and a disclaimer for any adverse events or health complications that may arise for use of the Product. Request for Judicial Notice, Exs. A-B. Notwithstanding these warnings and disclaimers, Plaintiff concedes in his Complaint he disregarded the warning and disclaimer that the Product was potentially harmful to his health. As such, Plaintiff's failure to demonstrate that a reasonable consumer would be deceived or would disregard the clear warnings and disclaimers as he did is fatal to his UCL, CLRA, and FAL claims; (2) Defendant was under no duty to disclose the potentially addictive nature of the Product because it did not possess "exclusive knowledge" of its addictive properties. Nonetheless, it complied with any alleged duty given the disclosures on the Post-

December 2024 Product label; and (3) Plaintiff's FAL claim fails because it cannot be based on an omission as a matter of law.

*Third*, Plaintiffs breach of implied warranty claim fails because: (1) the Product label appraised consumers of the potential harm to their health; (2) Plaintiff does not allege the Product was unfit for its ordinary and intended purpose; (3) Plaintiff does not and cannot allege Defendant ever promised or affirmed the Product was not potentially harmful to his health or addictive; and (4) Plaintiff fails to allege which state laws apply to this claim. Moreover, even if Plaintiff attempted to rehabilitate this claim by asserting that California law applies, it still fails for the additional reason that Plaintiff concedes in the Complaint that he lacks privity with Defendant, which is required to state a breach of implied warranty claim under California law. Rather, Plaintiff alleges he purchased the Product from third-party retailers.

*Fourth*, Plaintiff's claim for unjust enrichment fails because: (1) Plaintiff does not identify which state law applies; and (2) unjust enrichment claims are not cognizable in California.

*Finally*, Plaintiff's claim for fraud by omission fails because: (1) again, Defendant disclosed the potentially health risks associated with consumption of the Product on the label; and (2) Plaintiff fails to allege which state law applies.

## II. ALLEGATIONS AND FACTS SUBJECT TO JUDICIAL NOTICE

Plaintiff's claims are based on the false premise that Defendant purportedly failed to disclose the potential for health harm or addiction from use of the Product, despite the numerous warnings contained on both the Pre- and Post-December 2024 labels. Plaintiff alleges he first purchased the Product in December 2024 and purportedly "reviewed the Product's packaging and marketing, which gave no indication of the Product's addictive potential." (Compl. ¶ 64). He further alleges "[h]ad a warning been provided, he would not have purchased or used the Product." *Id*.

Contrary to Plaintiffs' allegations, the Product label contained express warnings and disclaimers that belie Plaintiff's allegations that there was no disclosure regarding the potential for health harm from Product use. For example, the Pre-December 2024 Product label contains the following express warnings: **"There may be health risks associated with the consumption of this product"** and **"By using this product, you accept full responsibility for any adverse events or health complications that may arise from its use."** Request for Judicial Notice, Exs. A-B. The label as of December 2024, when Plaintiff alleges that he first purchased the Product, contained the above warnings and also the following express warning: **"This product may be habit forming."** Request for Judicial Notice, Exs. C-D.

### A. Plaintiff Admits He Did Not Behave as a Reasonable Consumer

Despite the foregoing express warning and disclaimers, Plaintiff concedes in the Complaint he abjectly ignored the health harm warnings and disclaimers. While Plaintiff claims he was purportedly concerned about the health impact the product might have on him, Plaintiff admits he declined medically prescribed medications, opting instead to take the advice of a smoke shop employee and ignoring the warning and disclaimers on the Product. (Compl. ¶ 64).

### B. Defendant Did Not Make the Misrepresentations Alleged by Plaintiff

Plaintiff's allegations also reveal that Plaintiff claimed to have relied on representations by third parties, e.g., smoke shop employees, when first deciding to use 7-Hydroxymitragynine products, as opposed to purported representations or omissions by Defendant. Specifically, Plaintiff alleges that "while seeking alternatives to manage cravings, Plaintiff was persuaded by a smoke shop employee to try a product called 7OHMZ instead of his prescribed medications...[and then] he began using Dozo Perks" (Compl. ¶ 64) (emphasis added). 7OHMZ is another brand of a 7-Hydroxymitragynine product. As such, Defendant did not make the alleged

misrepresentations which Plaintiff claims he relied upon in making his purchases.

**C. Kratom's Potential Addictiveness is Widely Known**

Plaintiff's claims are expressly based on Defendant's purported failure to disclose the addictiveness of the Product. *See*, e.g., *id*. ¶¶ 9, 42, 44, 55, 60, 79, 87, 101, 108, 129. Notwithstanding, the Complaint acknowledges that the potentially addictive properties of kratom-based products are widely known among consumers. Indeed, Plaintiff references a reddit forum relating to "Quitting Kratom" that contains 45,000 members who frequently post regarding the potential addictiveness of kratom-based products. (Compl. ¶ 37).

Moreover, judicially noticeable materials from official health regulators, including the World Health Organization, establish the current extent of kratom's known addictive qualities. See Request for Judicial Notice, Exs. E-H. Defendant offers these statements, not for their truth, but to establish the purported addictive qualities of kratom that Defendant was at least constructively aware of during the relevant period. These materials establish that Plaintiff's allegations that Defendant knew kratom's addictive qualities are similar to opioids is false under the publicly available sources.

Kratom products are widely available for purchase and legally sold. The National Institute on Drug Abuse ("NIDA")[1] has studied and is funding studies regarding the permissible uses of kratom, including its potential to treat opioid addiction, as well as its potential adverse effects. See Request for Judicial Notice, Ex. E. NIDA is part of the U.S. Department of Health and Human Services and operates as one of the institutes comprising the National Institute of Health. *Id*.

---

[1] NIDA is a federal scientific research institute which is the world's largest biomedical research funder. *See* Dr. Nora Volkow, 50 years after funding, NIDA urges following science to move beyond stigma. NATIONAL INSTITUE ON DRUG ABUSE (Feb. 1, 2024), available at https//nida.nih.gov/about-nida/noras-blog/2024/02/50-years-after-founding-nida-urges-following-science-to-move-beyod-stigma.NIDA supports and conducts a multitude of preclinical research, clinical, and population-level research regarding drug use and health. *Id*. NIDA research in turn supports decision making by public health professionals, researchers, and policymakers. *Id.*

Kratom is not a controlled substance. In 2018, the Food and Drug Administration ("FDA") specifically decided not to recommend to the Drug Enforcement Administration scheduling kratom as a controlled substance.[2] This decision was based on "many factors, in part on new data, and in part on the relative lack of evidence, combined with an unknown and potentially substantial risk to public health if these chemicals were scheduled as this time." See Request for Judicial Notice, Ex. F.

Further, in December 2021, 12 international experts on substance safety and addiction operating through the Expert Committee on Drug Dependence ("ECDD") at the World Health Organization and the U.S. Commission on Narcotic Drugs unanimously concluded that there was insufficient evidence to recommend a critical international scheduling review of kratom. See Request for Judicial Notice, Ex. G. ("The Committee concluded that there is insufficient evidence to recommend a critical review of kratom....Because [p]eople report using kratom to self-medicate a variety of disorders and conditions, including pain, opioid withdrawal, opioid use disorder, anxiety and depression...." Kratom is being used as a part of traditional medicine in some countries.")

Formal scientific studies of kratom have only recently been initiated by the FDA. Indeed, as of January 2024, the FDA sought to conduct the first clinical trial "to characterize the abuse potential and subjective effects on botanical Kratom." See Request for Judicial Notice, Ex. H.

**D. Each of Plaintiff's Causes of Action Fail**

Plaintiff alleges claims on behalf of a putative class of California consumers under the UCL, CLRA, and FAL, and on behalf of nationwide classes for their

---

[2] The Controlled Substances Act provides that the "Attorney General may by rule add" to Schedule I any drug if findings are made that "[t]he drug has a ***high potential for abuse***," "[t]he drug or other substance has no currently accepted medical use in treatment in the United States," and that "[t]here is a lack of accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. §§ 811(a), 812(b) (emphasis added).

common law claims for breach of implied warranty, unjust enrichment and fraud by the omissions. Each of Plaintiff's claims fail for the reasons below.

## III. LEGAL STANDARD

A motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). A motion to dismiss is granted when the plaintiff fails to state a claim upon which relief can be granted. *Id*. Under Rule 12(b)(6), a complaint must be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. Twombly*, 500 U.S. 554, 570 (2007)).

In addition, a party may file a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. *See Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560 (1992). A suit brought by a plaintiff without Article III standing is not a "case or controversy," such that an Article III federal court lacks jurisdiction. *Cetacean Cmty. V. Bush*, 386 F.3d 1169, 1174 (9th Circ. 2004).

## IV. ARGUMENT

### A. Plaintiff Lacks Article III Standing to Seek Injunctive Relief

A plaintiff must demonstrate standing as to each form of relief requested. *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956,967 (9th Cir. 2018). To have standing for injunctive relief, the plaintiff must demonstrate that she or he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that he will again be wronged in a similar way.;" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (first quoting Lujon, 504 U.S. at 560, 112 S.Ct. 2130; and then quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). The likelihood of further harm requires "a 'real and immediate threat of repeated injury.'" *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L.Ed.2d 674 (1974)). The alleged

threat cannot be conjectural or hypothetical. *Davidson*, 8898 F.3d at 969. Where standing is premised entirely on the treat of repeated injury, plaintiffs must show a sufficient likelihood that they will be wronged again in a similar way. *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534, 2018 WL 6714323, at *3 (C.D. Cal. Oct. 17, 2018) citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Plaintiff lacks Article III standing to pursue injunctive relief because there is no threat of future deception to Plaintiff because he now knows that the Product is potentially addictive, including because the Product label provides the information necessary for him to determine the potentially addictive properties of the Product. Indeed, courts in this Circuit have held that plaintiffs lack standing to pursue injunctive relief once they are aware of how to determine whether the information, they claim is misleading is actually false. For example, in *Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*, No. 22-CV003603-TLT, 2023 wil 2324291, at *9 (N.D. Cal. Feb. 16, 2023), the court dismissed injunctive relief claims given the fact that information on the product label precluded any risk of future deception, holding that, "[u]nlike the plaintiff in Davidson, who 'could not easily discover whether a previous misrepresentation had been cured without first buying the product at issue,' ... Plaintiffs here, being previous purchasers, have 'multiple indicia of information ... "' to discover the necessary facts before purchasing the product. So too here, Plaintiff is able to determine that the Product is potentially addictive because the December 2024 Product label specially warns about the Product's potential to be habit forming.

Numerous courts have similarly concluded that a plaintiff's ability to determine whether purportedly deceptive statements are false based on information contained on the product label precludes Article III standing to pursue injunctive relief due to no risk of future deception. *See, e.g., McCausland v. PepsiCo, Inc.*, 2024 WL 3834389, at *10 (N.D. Cal. Aug. 14, 2024); *Gonzales v. Nat. Factors Nutritional Prod. Inc.*, 2024 WL 4609853, at *4 (C.D. Cal June 28, 2024); *Vitiosus*

*v. Alani Nutrition, LLC*, 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022); *Walcoff v. Innofoods USA, Inc.*, 2023 WL 3262940, at *7 (S.D. Cal. May 4, 2023); *Clevenger v. Welch Foods, Inc.*, 501 F. Supp. 3d 875, 882 (C.D. Cal. 2020); *Matic v. United States Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019); *Cordes*, 2019 WL 6714323, at *4; *Joslin v. Clif Bar & Co.*, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019).

Notably, counsel for Plaintiff recently conceded in two other putative class actions that they filed against different manufacturers of a kratom-based products, captioned *M.A., et al. v. Thang Botanicals, Inc, et al.*, Case No. 3:24-cv-07029- TLT (N.D. Cal. 2025) and *Cavalier, et al. v. Alternative Ventures LLC*, d/b/a *Press'd,* Case No. 2:25-cv-00137-SRM-RAO (C.D. Cal. 2025) that: "As to injunctive relief, Plaintiffs concede they lack standing." *Thang*, at ECF 32 at 10, n.3; *Cavalier*, ECF 30 at 8, n.3. In *Thang*, the court subsequently dismissed plaintiffs' injunctive relief claims on this basis. *Thang*, ECF 35 at 9. There has been no ruling in *Cavalier* yet at the time of the filing of this motion.

Similarly, here, Plaintiff lacks Article III standing to pursue injunctive relief, and the injunctive relief claim should be dismissed.

### B. Plaintiff's Consumer Protection Statute Claims Must Be Dismissed Because Plaintiff Cannot Allege Deception to a Reasonable Consumer Given the Label Warnings and Disclaimers

The reasonable consumer test governs Plaintiffs claims under the California consumer protection statutes. *See, e.g.*, *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) ("claims under the California consumer-protection statutes are governed by the 'reasonable consumer' test"). The reasonable consumer test "requires a plaintiff to 'show that members of the public are likely to be deceived' by the defendant's marketing claims." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024)(quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). There must be "more than a mere possibility that the label 'might conceivably be misunderstood by some few customers viewing it in an

unreasonable manner." *Id*. 777 (quoting *Eber v. Fresh, Inc*., 838 F.3d 958, 965 (9th Cir. 2016)). *See also Becerra*, 945 F.3d at 1228. "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of target consumers, acting reasonably in the circumstances, could be misled." *Whiteside*, 108 F.4th at 777-78 (quoting *Ebner*, 838 F.3d at 965). *See also McGinity v. Proctor & Gamble Co*., 69 F.4th 1093, 1097 (9th Cir. 2023). Plaintiff must sufficiently allege "the packaging will deceive many consumers, not just that few might be deceived." *Id*. at 778.

Under the Ninth Circuit's standard for evaluating whether there is a likelihood of deception to a reasonable consumer, it is presumed: "(l) that reasonable consumers in the market for a given product generally know a little bit about that product, at least more than a random person on the street, who may have no interest in that product or given it any thought; and (2) if a consumer cares about any particular quality in a product, she is willing to spend at least a few seconds reading a product's packaging to see if answers her question." *La Barbera v. Ole Mexican Foods Inc*., 2023 WL 4162348, at *10 (C.D. Cal. May 18, 2023). Further, it is expected that "reasonable consumers who care about a facet of a product ... will invest at least a few seconds into reading the front and back labels of a product to see if it answers their question." *Id*.

Applied to the present facts, Plaintiff would have been expected to spend time reviewing the Product label to determine whether any questions or concerns he had about particular facets of the Product might be answered by the label prior to purchase. Here, Plaintiff both alleges that he cared about whether the Product was harmful or addictive and was deceived because "[h]ad a warning been provided, he would not have purchased or used the Product." (Compl. ¶ 64).

To the extent Plaintiffs allegations that he began purchasing the Product in or around December 2024 are accepted as true, any claims of potential deception are belied by the December 2024 Product label, which Plaintiff alleges he reviewed "at

the time of purchase." (Compl. ¶ 64). The December-2024 Product label contained the following express warnings: **"There may be health risks associated with the consumption of this product," "By using this product, you accept all responsibility for any adverse events or health complications that may arise from its use,"** and **"This product may be habit forming."** See Request for Judicial Notice, Exs. A-D. As such, as a reasonable consumer who purportedly cared about the potential harm to his health from Product use, Plaintiff would have been expected to review these warnings and disclaimers (and alleges he did), which would have dispelled any purported belief that there was no risk of potential harm to his health, including the risk of addiction, from using the Product.

### C. Plaintiff's Consumer Protection Statute Claims Must Be Dismissed To the Extent The Are Based on Representations Not Made by Defendant

It is axiomatic that Plaintiff must allege he reasonably relied on a representation or omission made ***by Defendant*** in making his purchase decision to state a claim under his consumer protection act claims. *See Kwikset Corp., v. Sup. Ct*., 51 Cal.4th 310, 325 (2011). *See also Shaeffer v. Califia Farms, LLC, Farms, LLC*, 44 Cal. App. 5th 1125, 1143 (2020); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (same for "unlawful" practice claim grounded in fraud). Plaintiff, however, expressly alleges his decision to start using kratom-based products was based on the representations made by third parties as opposed to misrepresentations or omissions made by Defendant. (Compl. ¶ 64). As such, because Plaintiff alleges the purported deceptive representations about the Product were made by third parties, and not Defendant, his consumer protection act claims must be dismissed. *See Seldin v. HSN, Inc*., No. 17-CV-2183-AJB-MDD, 2018 WL 3570308, at *5 (S.D. Cal. July 25, 2018) (dismissing UCL, CLRA and FAL claims because "the FAC does not allege that Plaintiff saw or heard any representations or advertisements made by Defendants.").

### D. Plaintiff's UCL, CLRA, and FAL Claims Fail Because Defendant Was Not Under a Duty to Disclose, But in Any Event Abided by Any Purported Duty

#### 1. Defendant Lacked Exclusive Knowledge of Potential Addictiveness

A viable omission is either contrary to a representation actually made or a fact that the defendant had a duty to disclose. *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 924, 835 (2006). Plaintiff does not point to any statement actually made by Defendant. Therefore, Plaintiff must allege facts giving rise to a duty to disclose in order to state a claim.

Under California law, a duty to disclose arises under four circumstances: (1) when plaintiffs and defendant are in a fiduciary relationship; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when defendant actively conceals a material fact; or (4) when a defendant makes a partial representation but also suppresses some material fact. *Hodson v. Mars, Inc.*, 891 F.3d 857, 862 (9th Cir. 2018); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). Plaintiff does not allege a fiduciary relationship or a partial representation. The only possibility here then is exclusive knowledge or active concealment. Plaintiff fails to adequately allege either one.

The case of *Drake v. Haier US Appliance Sols Inc.*, No. 23-CV-00939- AMO, 2024 WL 590597, at* 1 (N.D. Cal. Feb. 13, 2024) is instructive regarding the deficiencies in Plaintiffs claims. In *Drake*, the plaintiff purchased a gas stove manufactured by Haier. *Id*. at *1. He then sued Haier based on fraudulent omission, alleging that Haier failed to disclose to consumers that gas-fueled stoves are inherently dangerous and thus defective because they emit air pollutants linked to "respiratory illness, cardiovascular problems, cancer, and other health conditions." *Id*. The court dismissed the fraud by omission claims, finding that the plaintiff's allegations were insufficient to adequately plead a duty to disclose or justifiable reliance. *Id*. at *6.

The result should be the same here. The Complaint is devoid of facts that even suggest Defendant had the necessary "exclusive knowledge" or actively concealed the effects of kratom. While Plaintiff states in single allegation that "Defendant concealed this material information," all that Plaintiff alleges is that the Product packaging was silent and that Defendant purportedly failed to disclose the potential addictiveness of the Product. (Compl. ¶¶ 9, 42, 44, 55, 63, 79, 81, 82, 90, 101). Silence, however, is not "active concealment." Active concealment requires affirmative acts to hide information. *SBC Berlin 2012-2014, Ltd. V. Babywatch, Inc.*, No. 18-cv-07611-EDL, 2019 WL 13203776, at *13 (N.D. Cal. Oct. 10, 2019) ("[T]here is a difference between silence ... and active concealment ... the latter is marked by an affirmative act to hide information from another party." (alterations in original) (citations omitted)). Plaintiff does not allege Defendant engaged in any affirmative acts of concealment.

Plaintiff also does not plead "exclusive knowledge." In fact, to the contrary, the Complaint containing pages of Reddit posts and other allegations establish that the potential addictiveness of kratom has been known for decades and even states, "there are widespread reports and studies of other addiction and dependency issues." (Compl. ¶¶ 31, 37-38, 43). Plaintiff's conclusory allegation that "Defendant has exclusive or superior knowledge of 7-OH's addictive nature" is contrary his own allegations. (Compl. ¶ 103). Plaintiff has failed to allege Defendant had a duty to disclose. As such, the Complaint fails. *Cf. Twombly*, 550 U.S. at 565-66 (holding that allegations merely consistent with theory of liability are insufficient if those allegations are equally consistent with lawful conduct.").

**2. Defendant Disclosed the Potential Health Harm of the Product**

Assuming, *arguendo*, Defendant was under a duty to disclose the potential harm of the Product, both the Pre- and Post-December 2024 Product labels contained the information necessary for Plaintiff to determine the potential health harm prior

to purchase and use. See Request for Judicial Notice, Exs. A-D. As such Defendant abided by any purported duty to disclose. *See, e.g.*, *Brown v. Madison Reed, Inc.*, 622 F.Supp.3d 786, 805 (N.D. Cal. 2022) (dismissing UCL, CLRA, and FAL claims where defendant's product label and website disclosed ingredients alleged to have been deceptively omitted).

### E. Plaintiff's FAL Claim Fails Because It Cannot Be Based on an Omission

The FAL prohibits making or disseminating an untrue or misleading advertising statement. Cal. Bus. & Prof. Code § 17500. Thus, as this Court has recognized, a claim for violation of the FAL cannot be premised on an omission. *Drake*, 2024 WL 590597, at *7; *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1170 (C.D. Cal. 2023) (stating "[a] FAL claim is not cognizable when based solely on an omission of material information"); *Hedrick v. BSH Home Appliance Corp.*, 2024 WL 2190984, at *13 (C.D. Cal. May 14, 2024).

Given the above cited law, Plaintiff has misleadingly attempted to characterize his FAL claim as one sounding in misrepresentation. (See Comp1. ¶¶ 85-94). But, nowhere in Plaintiffs' Complaint does he identify a single affirmative representation made by Defendant stating that the Product is not addictive. Rather, Plaintiffs' Complaint is premised solely on Defendant's alleged failure to disclose that the Product is addictive, which allegation is belied by the Product's Post-December 2024 Product label. (See Compl. ¶¶ 9, 42, 44, 54, 59-60, 79, 81, 87, 90). As such, the FAL claim must be dismissed.

Notably, like the injunctive relief claim, counsel for Plaintiff recently conceded this claim in two other putative class actions that they filed against different manufacturers of a kratom-based products, captioned *Thang*, Case No. 3:24-cv-07029-TLT (N.D. Cal. 2025), ECF 32 at 10, n.3, and *Cavalier*, Case No. 2:25- cv-00137-SRM-RAO (C.D. Cal.), ECF 30 at 8, n.3. In *Thang*, the court subsequently dismissed plaintiffs' FAL claim on this basis. *Thang*, ECF 35 at 13.

There has been no ruling in *Cavalier* yet at the time of the filing of this motion.

**F. Plaintiff's Breach of Implied Warrant Claim Fails**

**1. Plaintiff Cannot Allege Breach of Implied Warranty Under Any Potential Theory**

Plaintiffs breach of implied warranty claim fails because: (1) Plaintiff has not identified which state law he claims applies to this cause of action; (2) Plaintiff has not alleged the Product is unfit for its ordinary and intended purpose; (3) Defendant did not make any purported promise or affirmation that the Product is not potentially harmful or addictive; and (4) as discussed above, Plaintiff cannot establish that Defendant failed to disclose the potential harm of the Product.

*First*, Plaintiff does not allege which state's law applies to the Nationwide Class's claims for breach of implied warranty. This type of "general pleading" is improper because there are material variations in state law. Thus, failing to identify which jurisdiction's law applies prevents the Court from being able to analyze whether the claims are properly brought on behalf of a nationwide class (or even if they are properly pled). For example, in *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1174 (S.D. Cal. 2024) the court dismissed nationwide claims for purported breach of implied warranty where the plaintiff failed to allege which state laws applied to the claim because "[ n]either the Defendant nor the Court should have to speculate as to the legal basis for a claim particularly when assessing whether claims on behalf of a nationwide class should be dismissed." *See also Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing common law claims for fraud, negligent misrepresentation, and breach of express and implied warranties for failure to allege the applicable law); *Vitiosus*, 2022 WL 2441303, at *15 (same); *In re Static Random Access Memory Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008).

*Second*, Plaintiffs attempt to plead a breach of the implied warranty of merchantability fails because he does not allege the Product is unfit for its ordinary

and intended purpose. The implied warranty of merchantability is a statutory warranty. Cal. Com. Code § 2314(1). Unlike express warranties, "liability for an implied warranty does not depend upon any specific conduct or promise on [the defendant's] part, but instead turns upon whether the[] product is merchantable under the code." *Hauter v. Zogarts*, 14 Cal. 3d 104, 117 (1975). The Commercial Code does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Id*. A plaintiff who claims a breach of the implied warranty of merchantability must show that the product "did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc*., 114 Cal. App. 4th 402, 406 (2003).

The reasoning from *Drake* again establishes why Plaintiff fails to state a claim for breach of the implied warranty of merchantability. In *Drake*, the court found that the claim was adequately pleaded because the plaintiff alleged that the stove as manufactured was unfit for ordinary use due to the safety defect - every stove sold emitted the alleged carcinogens. 2024 WL 590597, at *7. In other words, the consumer could not avoid the inherent danger even when the stove was used as intended. *Id*. at *8 ("[A] product that poses a material safety hazard when used as intended is unmerchantable.").

The alleged defect here, however, is materially different. The alleged "defect" is addictive qualities like opioids. As shown above, governments and WHO have decided not to list kratom as a controlled substance because there is no evidence that kratom acts like an opioid. See Request for Judicial Notice, Ex. E-H. Plaintiffs allegation that kratom is like an opioid therefore does not pass the Supreme Court's plausibility standard. Thus, this claim fails.

*Third*, even if Plaintiff was to attempt to claim in opposition that U.C.C. § 2-314(2)(f) applies, which mandates that goods "conform to the promises or affirmation of fact made on the container or label," the claim nonetheless fails because there is no plausible allegation that Defendant expressly "promised or

affirmed" that the Product was not potentially harmful to consumers' health or potentially addictive. The absence of such facts precludes a breach of implied warranty claim under this theory. *See, e.g., Edwards v. Walmart, Inc.*, 2019 U.S. Dist. LEXIS 230993, at *23 (C.D. Cal. April 18, 2019) (granting motion to dismiss where the complaint only made "generalized contentions" that the product did not "conform to the promises or affirmations of fact made on the label or in the advertising and marketing of the product").

*Finally*, and in all events, Plaintiffs breach of implied warranty claim fails for the same reason as his consumer protection act claims because Defendant's Pre- and Post-December 2024 Product labels expressly advised Plaintiff of the potential health harm of the Product. § IV.B *supra*.

Notably, the court in *Thang* dismissed the plaintiffs' implied warranty claim and held: "Because the complaint does not identify an affirmative statement or promise, the Court finds that the complaint fails to sufficiently allege a breach of implied warranty claim." *Thang*, Case No. 3:24-cv-07029-TLT (N.D. Cal. 2025), ECF 35 at 14. Furthermore, likely based on the *Thang* ruling, counsel for Plaintiff recently conceded his implied warranty claim in the *Cavalier* case discussed above. *Cavalier*, Case No. 2:25-cv-00137-SRM-RAO (C.D. Cal.), ECF 30 at 8, n.3. There has been no ruling in *Cavalier* yet at the time of the filing of this motion.

#### 2. Plaintiff's Breach of Implied Warranty Claim Fails to the Extent it is Made Under California Law Because There is No Privity

In addition to the above, Plaintiffs breach of implied warranty claim fails under California law for the additional reason that he cannot establish privity with Defendant, as required. *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695-696 (1954); *see Quackenbush v. Am. Honda Motor Co., Inc.*, 650 F. Supp. 3d 837, 842 (N.D. Cal. 2023) (explaining that "an end consumer who buys products from a retailer is not in privity with the manufacturer of the products"); *Bierdman v. FCA US LLC*, 2025 WL 458831, at *15 (N.D. Cal. Feb. 11, 2025) (dismissing breach of

implied warranty claim due to lack of privity between plaintiff and defendant); *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1084 (N.D. Cal. 2011) (dismissing breach of implied warranty claim alleged by retail consumers against cigarette manufacturer due to lack of privity). Indeed, Plaintiff does not allege he bought the Product directly from Defendant but rather that he purchased it from a local smoke shop. (See Compl. ¶ 64). As such, any potential attempt by Plaintiff to allege a breach of implied warranty claim under California law would be futile even if not otherwise subject to dismissal for the other reasons stated above.

**G. Plaintiff's Unjust Enrichment Claim Fails**

Plaintiff's unjust enrichment claim fails for two reasons: (1) Plaintiff does not identify which state's law applies: and (2) unjust enrichment is not a cognizable cause of action under California law.

*First*, Plaintiff does not allege the state law this claim seeks to apply. Thus, Plaintiff's claim fails for the same reason as the breach of implied warranty claim. *See Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 WL 1116715, at *2 (N.D. Cal. March 1, 2018) (dismissing plaintiffs nationwide unjust enrichment claim because she failed to allege the applicable state law); *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1088 (S.D. Cal. 2017) ("[Plaintiffs] claim unjust enrichment generally, and do not list any particular jurisdiction to which the allegations should apply. This alone is fatal to [Plaintiffs'] unjust enrichment claims."); *Vitiosus*, 2022 WL 2441303, at *15; *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2018 WL 1576457, at *4 (N.D. Cal. Mar. 30, 2018).

*Second*, Plaintiff's unjust enrichment claim must be dismissed to the extent it is brought under California law because California does not recognize unjust enrichment as an independent cause of action. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("In California there is not a standalone cause of action for unjust enrichment."). *See also In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015) (dismissing unjust enrichment claim with

prejudice because "unjust enrichment is a remedy, and not an independent claim"); *Callaghan v. BMW of N. Am., LLC*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 31, 2014).

The *Thang* court also dismissed Plaintiffs' unjust enrichment claim, as Plaintiffs abandoned that claim. *Thang*, Case No. 3:24-cv-07029-TLT (N.D. Cal. 2025), ECF 35 at 14-15. This Court should rule likewise.

**H. Plaintiff's Fraud by Omission Claim Fails**

Plaintiff's fraud by omission clam fails for two reasons: (1) Plaintiff does not allege which state's law applies; and (2) Plaintiff cannot establish a fraudulent omission because the Product label disclosed the Product's potential harmful health effects, including that it may be habit forming.

*First*, as with the breach of implied warranty and unjust enrichment claims, Plaintiff does not allege which state's law applies to the Nationwide Class's claims for "fraud by omission." Numerous courts have held such generalized pleading is improper and renders the fraud by omission claims subject to dismissal. *See Van Mourik*, 2018 WL 1116715, at *2; *Augustine*, 386 F. Supp. 3d at 1333; *In re Static Random Access Memory Antitrust Litig.*, 580 F. Supp. 2d at 910. Additionally, because the putative nationwide class should be stricken (as discussed in Defendant's Motion to Strike), even if this Court allows this claim, it should be limited to the laws of the state where Plaintiff resides (i.e., California). *See e.g., Thang*, Case No. 3:24-cv-07029-TLT (N.D. Cal.), ECF 35 at 15.

*Second*, and just as his breach of implied warranty claim, the fraud by omission claim fails for the same reason as Plaintiffs consumer protection statute claims; i.e., because Defendant's Pre- and Post-December 2024 Product labels expressly advise Plaintiff of the potential health harm of the Product. See § IV.B *supra*.

Significantly, the *Thang* court dismissed this cause of action as well. *Thang*, Case No. 3:24-cv-07029-TLT (N.D. Cal. 2025), ECF 35 at 15. The same result should follow here.

**V. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND**

"A district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys*., 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus*., 912 F.2d 291 296 (9th Cir. 1990)). There is no theory under which Plaintiff can avoid the repercussions of the Product label, which specifically warned Plaintiff and reasonable consumers that the Product could be harmful to their health. Notwithstanding this warning, Plaintiff concedes in his Complaint that he disregarded the warnings. Thus, Plaintiff should not be allowed to amend his Complaint. *See, e.g.*, *Klin v. Cloudera, Inc*., 131 F.4th 1180, 1190 (9th Cir. 2024) (affirming denial of leave to amend where doing so would be futile) (collecting cases).

**VI. CONCLUSION**

For the foregoing reasons, Defendant's motion should be granted in its entirety without leave to amend.

Dated: July 18, 2025

**VENABLE LLP**

By: */s/ Daniel S. Silverman*
Daniel S. Silverman
Bryan Weintrop

Dated: July 18, 2025

**SANDBERG PHOENIX & VON GONTARD**

By: */s/ Mark Prost*
Mark Prost

Attorneys for Defendant,
LPIB INC., incorrectly named as LATRO INC., dba DOZO PERKS

## SIGNATURE CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: July 18, 2025

By: */s/ Daniel S. Silverman*
Daniel S. Silverman

## WORD COUNT

The undersigned counsel of record for Defendant LPIB INC., incorrectly named as LATRO INC., dba DOZO PERKS, certifies that this brief contains 6,333 words, which complies with the word limit of L.R. 11-6.1

Dated: July 18, 2025

By: */s/ Daniel S. Silverman*
Daniel S. Silverman